J-S32007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| DAWUD MORRIS | : | |
| | : | |
| Appellant | : | No. 3416 EDA 2016 |

Appeal from the PCRA Order September 28, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0006270-2013

BEFORE:  GANTMAN, P.J., STABILE, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 14, 2017**

Appellant, Dawud Morris, appeals from the order entered in the Montgomery County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court opinion sets forth the relevant facts of this case as follows:

> [Appellant] agreed with two others to go to a TD Bank in Lower Merion Township, Montgomery County, on August 12, 2013, for the purpose of robbing the bank and the people inside using handguns.  [Appellant], acting as the getaway driver, remained in the vehicle while the others went inside the bank.

PCRA Court Opinion, filed December 21, 2016, at 1 (internal citations to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

record omitted).

Procedurally, the Commonwealth charged Appellant, on August 13, 2013, with over forty offenses, including robbery and conspiracy to commit robbery. On September 17, 2014, Appellant entered an open guilty plea to conspiracy to commit robbery, a first-degree felony. The PCRA court opinion sets forth relevant testimony from the guilty plea hearing as follows:

[COMMONWEALTH]: This is an open plea agreement. [Appellant] will plead guilty to Count 7, that is amended to conspiracy to robbery, a felony of the first degree.

THE COURT: All right. [Plea counsel]; is that correct?

[PLEA COUNSEL]: That is correct, Your Honor. And I have discussed that with [Appellant], and he's agreed to that.

THE COURT: Is that correct, [Appellant]?

[APPELLANT]: Yes.

* * *

THE COURT: All right. Now, do you feel you had enough time to speak with [plea counsel] before making this very important decision to plead guilty today?

[APPELLANT]: Yes.

THE COURT: Now, this is an open guilty plea. Do you understand that?

[APPELLANT]: Yes.

THE COURT: There is no deal here besides what was articulated by the Assistant District Attorney. Do you understand that?

[APPELLANT]:                    I understand.

THE COURT:                    You are basically throwing yourself on the mercy of the [c]ourt.

*    *    *

THE COURT:                    Okay.  If I were to ask you the same questions that appear in D-1, the guilty plea colloquy, right now in open court, would your answers be the same?

[APPELLANT]:            Yes.

THE COURT:                    Would they be truthful?

[APPELLANT]:            Yes.

THE COURT:                    All right.    Now, has your attorney explained to you each and every element of the crime – that make up the crime conspiracy to commit robbery?

[APPELLANT]:            Yes.

THE COURT:                    So you know all the elements?

[APPELLANT]:            Yes.

THE COURT:                    All right.  Very good.  Did he explain to you what the maximum period of incarceration and/or fine is for an F-1, a felony of the first degree?

[APPELLANT]:            Yes.

THE COURT:                    Knowing that, do you still wish to plead guilty?

[APPELLANT]:            Yes.

*Id.* at 3-5 (quoting N.T. Plea Hearing, 9/17/14, at 3, 5-8) (internal footnote omitted).  On December 3, 2014, the court sentenced Appellant to five (5)

to ten (10) years' incarceration, plus ten (10) years' probation. Appellant filed, on December 11, 2014, a *pro se* post-sentence motion, which the court denied on March 4, 2015.

On March 3, 2016, Appellant timely filed the current PCRA petition, alleging plea counsel was ineffective for failing to advise Appellant prior to the entry of the guilty plea: (1) that the offense to which Appellant pled guilty was a first-degree felony; and (2) of the "sentencing ramifications" of Appellant's guilty plea. The PCRA court held, on September 26, 2016, an evidentiary hearing, at which Appellant and plea counsel testified. On September 28, 2016, the PCRA court denied Appellant's petition. Appellant timely filed a notice of appeal on October 28, 2016. The PCRA court ordered Appellant, on November 4, 2016, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on November 23, 2016.

Appellant raises one issue for our review:

> WHETHER APPELLANT'S DECISION TO ENTER INTO AN OPEN PLEA WAS INDUCED BY THE MISADVICE OF PLEA COUNSEL RELATIVE TO THE GRADING OF THE OFFENSE AND COUNSEL'S FAILURE TO ENSURE THAT APPELLANT UNDERSTOOD THE POTENTIAL MAXIMUM SENTENCES THAT COULD BE IMPOSED AS A RESULT OF THE PLEA?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error.

- 4 -

*Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth v. Abu-Jamal*, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. *Id.*

The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit;

(2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for counsel's errors and omissions, there is a reasonable probability the outcome of the proceedings would have been different. *Id.* "The petitioner bears the burden of proving all three prongs of the test." *Id.* "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." *Commonwealth v. Steele*, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002)). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Moser, supra*. Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of

the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. ***Commonwealth v. Fluharty***, 632 A.2d 312, 314-15 (Pa.Super. 1993). Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003). Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. ***Id.*** at 522. ***See also Commonwealth v. Kelly***, 5 A.3d 370, 377 (Pa.Super. 2010), *appeal denied*, 613 Pa. 643, 32 A.3d 1276 (2011) (reiterating principle that courts discourage entry of plea as sentence-testing device).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Gary S. Silow, we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (***See*** PCRA Court Opinion, filed December 21, 2016, at 5-7) (finding: plea court determined Appellant entered plea knowingly, intelligently, and voluntarily; during oral plea colloquy, Appellant did not object to grade of offense; at PCRA hearing, Appellant acknowledged he had represented to court during plea hearing that Appellant was aware of maximum possible sentence and that no promises had been made to him concerning length of sentence; Appellant also acknowledged that, at time of

plea hearing, he knew offense to which he pled guilty was first-degree felony; Appellant also testified he did not answer oral plea colloquy questions honestly because he wanted plea court to accept plea; plea counsel testified that prior to plea hearing, he told Appellant offense to which he would plead guilty was first-degree felony; plea counsel stated he made no promises to Appellant concerning length of sentence; plea counsel said he informed Appellant of potential maximum sentence and advised him that length of sentence would be at court's discretion; plea counsel testified that he instructed Appellant to testify truthfully at guilty plea hearing; plea counsel's testimony was credible and Appellant's testimony was incredible; when Appellant entered open guilty plea, Appellant knew: (1) he was pleading guilty to first-degree felony; (2) possible maximum sentence for offense; and (3) there were no agreements regarding his sentence; Appellant failed to demonstrate plea counsel was ineffective). The record supports the PCRA court's rationale. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2017

- 8 -